1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                       **CENTRAL DISTRICT OF CALIFORNIA**

10

11   JAIME J. PERDOMO,                    Case No. EDCV 14-0066 ODW (SS)

12               Plaintiff,               **MEMORANDUM DECISION AND ORDER**

13        v.

14   CAROLYN W. COLVIN, Commissioner
     of the Social Security
15   Administration,

16               Defendant.

17

18

19                              **I.**

20                         **INTRODUCTION**

21

22        On   January   23,   2014,   Jaime   J.   Perdomo   ("Plaintiff"),

23   proceeding _pro se_, filed this action seeking to overturn the

24   decision   of   the   Commissioner   of   the   Social   Security

25   Administration   ("Defendant")   denying   his   application   for

26   disability   benefits.    Plaintiff   has   not   consented   to   the

27   jurisdiction of the Magistrate Judge assigned to this action.

28   \\

On February 12, 2014, the Court issued an Order Regarding Further Proceedings, (Dkt. No.8), which required Plaintiff to serve the Complaint and file a Proof of Service within 30 days, i.e., by March 14, 2014.  On April 4, 2014, the Court issued an Order To Show Cause Why This Action Should Not Be Dismissed For Failure To Prosecute ("OSC").  (Dkt. No. 9).  The OSC directed Plaintiff to file a Proof of Service or explain in a declaration "establishing good cause as to why Plaintiff has been unable to file a proof of service" by April 18, 2014.  (Id. at 1).

As of the date of this Order, Plaintiff has not yet filed a Proof of Service or responded to the Court's April 4, 2014 Order to Show Cause.  Further action cannot be taken in this matter without Plaintiff's participation.  The Court therefore finds that dismissal of this action with prejudice is appropriate pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders.

## II.

### DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or to comply with court orders.  See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  Dismissal, however, is a

harsh penalty and is to be imposed only in extreme circumstances. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). In considering whether to dismiss an action for failure to prosecute or to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); see also Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) (applying the factors in reviewing the dismissal of a social security case).

## A.   The Five Factors Support Dismissal

### 1.   Expeditious Resolution And The Court's Need To Manage Its Docket

In this instant action, the first two factors – the public's interest in expeditious resolution of litigation and the Court's need to manage its docket – weigh in favor of dismissal. Plaintiff was originally required to file a Proof of Service in this action by March 14, 2014. After Plaintiff failed to meet this deadline, the Court issued an OSC granting Petitioner until April 18, 2014 to file a Proof of Service or explain why he was unable to do so. (Dkt. No. 9 at 1). The Court expressly advised Plaintiff that "failure to timely file a proof of service or a declaration in response to th[e] [OSC] w[ould] result in a

recommendation that this action be dismissed with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)." (Id.).

As of the date of this Order, however, Plaintiff has not filed a Proof of Service or responded to the OSC. Plaintiff's dilatory conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff no longer intends to move this case forward or litigate this action diligently. Accordingly, the first two factors militate in favor of dismissal.

**2.    The Risk Of Prejudice To Defendant**

The third factor, prejudice to Defendant, also favors dismissal. "Unreasonable delay is the foundation upon which a court may presume prejudice." <u>Southwest Marine Inc. V. Danzig</u>, 217 F.3d 1128, 1138 (9th Cir. 2000); <u>see also</u> <u>Pagtalunan</u>, 291 F.3d at 643 (unnecessary delay caused by plaintiff's inaction "inherently increases the risk that witnesses' memories will fade and evidence will become stale"). The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. <u>See</u> <u>id.</u> at 642 (citing <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 991 (9th Cir. 1999).

Here, Plaintiff has not offered any excuse for his failure to respond to the Court's order. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice

4

to the opposing party is sufficient to favor dismissal.  <u>See</u>
<u>Yourish</u>, 191 F.3d at 991-92.  Because Plaintiff has not offered
any excuse for failing to respond to the Court's order, the
"prejudice" element favors dismissal.

### 3.  Less Drastic Alternatives

The fourth factor – the availability of less drastic
sanctions – ordinarily counsels against dismissal.  However, the
Court has attempted to avoid outright dismissal of this case by
extending Plaintiff's deadline for filing a Proof of Service from
March 14, 2014 to April 18, 2014.  (Dkt. No. 9 at 1).  The Court
also afforded Plaintiff the opportunity to explain why he failed
to file a Proof of Service by March 14, 2014 and to set forth any
reason why he could not comply with the Court's deadlines.
(<u>Id.</u>).  In the OSC, the Court expressly advised Petitioner that
"failure to timely file a proof of service or a declaration in
response to th[e] [OSC] [would] result in a recommendation that
this action be dismissed with prejudice for failure to prosecute,
pursuant to Federal Rule of Civil Procedure 41(b)."  (<u>Id.</u>).
Accordingly, the Court has taken meaningful steps to explore
alternatives to dismissal here.  <u>See</u> <u>Henderson</u>, 779 F.2d at 1424
("The district court need not exhaust every sanction short of
dismissal before finally dismissing a case, but must explore
possible and meaningful alternatives.").  Given Plaintiff's
demonstrated unwillingness to participate in his own litigation,
sanctions other than dismissal do not appear to be appropriate at
this time.

**4.  Public Policy Favoring Disposition On The Merits**

The fifth factor – public policy favoring disposition of cases on their merits – also ordinarily weighs against dismissal. Notwithstanding this policy, it is the responsibility of the moving party to move toward that disposition at a reasonable pace and to refrain from dilatory and evasive tactics.  See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991).  Here, Plaintiff has not discharged this responsibility despite having ample time do so.  Under these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to timely respond to Court orders.

**B.  Dismissal Of This Action Is Warranted**

In view of the foregoing, the Court concludes that dismissal of this action is warranted under Rule 41(b), which states in pertinent part:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

\\

\\

6

1    Dismissal of this action is proper on the basis of
2    Plaintiff's failure to prosecute and obey Court orders.
3    Accordingly, this case does not fall into one of the three
4    exceptions noted above and, consequently, the dismissal will
5    operate as an adjudication on the merits.  The dismissal will
6    thus be with prejudice to Plaintiff's refiling of a new action in
7    federal court based on the same allegations.  See Stewart v. U.S.
8    Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted
9    as an adjudication on the merits unless one of the Rule 41(b)
10   exceptions applies); Owens v. Kaiser Found. Health Plan, Inc.,
11   244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to
12   prosecute is treated as an adjudication on the merits) (citing
13   United States v. Schimmels (In re Schimmels), 127 F.3d 875, 884
14   (9th Cir. 1997)).

15

16   The Court advised Plaintiff in the OSC regarding the
17   possibility of dismissal of this action in the event of a failure
18   to file a Proof of Service or other response.  Despite this
19   warning, Plaintiff has failed to comply with the Court's orders
20   and participate in his own litigation.  Accordingly, the Court
21   concludes that dismissal of this action pursuant to Federal Rule
22   of Civil Procedure 41(b) is proper.
23   \\
24   \\
25   \\
26   \\
27   \\
28   \\

## III.

### CONCLUSION

For the foregoing reasons, this action is DISMISSED with prejudice for failure to prosecute and obey court orders.

DATED: August 14, 2014

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

PRESENTED BY:


_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE


THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS, WESTLAW, OR OTHER LEGAL DATABASE

8